Christian Borda
49353-053   Unit A-1
FCI OAKDALE 1
P.O.BOX 5000
Oakdale, LA 71463
Pro-Se Litigant

FILED
RICHARD W. NAGEL
CLERK OF COURT

2018 NOV -6 PM 1:39

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF OHIO

### EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN BORDA, | Civil Action 2:18-cv-990 |
| Plaintiff, | |
| VS. | MOTION AND DECLARATION IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION. |
| DENNIS HARTLEY, JAMES HOUK, KEN PAYNE, et al, TIMBERWOLF LITIGATION | |
| Defendants. | To : HONORABLE JUDGE JAMES L. GRAHAM Magistrate Judge KIMBERLY A. JOLSON |

**COMES NOW,** Christian Borda, in Pro-Se , pursuant to 28 U.S.C. §1391(b)(2) respectfully is giving response to the October 15,2018's order and the complaint is presented for the first time before this Honorable District Court in order to clarify the punitive damages amount that obviously exceeds the $75,000,oo jurisdictional threshold.

Plaintiff Christian Borda has labeled himself as the "consumer", and has purporte to bring this case on behalf of the United States. Claim for fraud violations impersonating the Unites States and violating the Constitution of the United States of America.

### JURISDICTION

Section 1391(b)(2) creates venue in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property[Timberwolf] that is subject to the action, is situated.

According §1391 (b) public officials "reside in the county where they perform their official duties.

The overacts took place in Ohio, place of business for Hartly and Payne. Plaintiff is willing to presents and independent claim under 42 U.S.C.S. §1983 seeking recovery based on a claim of fraud, and Violation of due process of law.

Timberwolf's nerve center approach was simple to apply in the present case, and §1332(c)(1)'s legislative history suggested :

> " Principal place of business was not to be interpreted to be complex." 158 LED 2d 1103 Corporations-Citizenship for purposes of jurisdiction.

Whether a corporation may be regarded as a "citizen "in the first place.[See 79 LED 2d. 918]

> " Courts have an independent obligation to determine whether Subject matter-Jurisdiction exist, even when no party challenges it." Arbaugh V. Y &H Corp., 546 U.S. 500,514,(2006)

Plaintiff Borda's support for his allegations of jursditional facts, are as follows:

A) The Federal Court possessed diversity because respondents were citizens of diferent states, and Timberwolf is an Ohio citizen, and that hence, diversity jurisdiction.[Incorporated at Ohio, where its principal place of business.]

B) Plaintiff has a complete and present cause of action against Dennis Hartley,et al,and thus can file a suit and obtain relief.

C) Plaintiff Christian Borda has standing to prosecute this action and invoke the court's subject matter jurisdiction, because his allegations are not unsubstantial, fribolous,devoid of merit.

D) Plaintiff identify a concrete fraud and deceptive act of

fraudulent misrepresentation in violation of the Ohio Consumer Sales Practices Act.

E) The Complaint identifies which fraudulent services were billed, the dates of the payments and the amounts already pay for services never received.

F) The court do not lacks Subject matter Jurisdiction over Borda's claims, because the combination of Plaintiff actual damages, punitive damages and attorneys's fees exceess the jurisdictional amount of $75,000,oo, the amount in controversy after evaluation of the punitive damages and cost is $100,000.oo.

In the present case, if would be necessary, the district court must make findings of jurisditional fact to which the preponderance standard applies.

> "Subject Matter Jurisdiction can not be forfeited or waived and should be considered when fairly in doubt." Kennedy,J., joined by Roberts,Ch. J., and Scalia,Thomas and Alito JJ. LED Digest Courts §245,247."

### CONSTITUTIONAL STANDING TO SUE

Under 28 U.S.C.§1332 (c)(1) "Corporation's principal place of business, where Dennis Hartly,etal, directed, controlled,and coordinated Timberwolf's activities, is located in Ohio.

The factual allegations in the pleadings are sufficient to raise the right for relief.[See Twombly,550 U.S. at 555]

Therefore, because Defendants violates Plaintiff Borda's federal rights to access the court in a violation of Due Process of Law and Defendant's intention to engage in a course of conduct arguably affected with a constitutional interest, and prescribed by statute, [Fraud] a credible threat of prosecution there under.

3

Thus, whether the fqctual record is sufficiently developed to produce a fair adjudication of the Plaintiff's merits in his claims and the Plaintiff's hardship is imminent if judicial relief is denied at this stage in the proceedings.

Here, Timberwolf's officials regardless of Defendant's good or bad faith, violates Due process and the retention of Plaintiff's records [File] was done in bad faith.

Constructive denial of counsel occurs here, whether Dennis Hartley, et al, entirely fails to subject the prosecution's case to meaningful adversarial testing by file Borda's § 2255 Motion. This constitutional error is causing the actual prejudice.

> " The Supreme Court has defined an actual conflict
> in the Sixth Amendment context as a 'Conflict of
> interest' that adversely affects counsel's
> performance. Mickens v. Taylor,535 U.S. 162 172 N.5
> 152 L.ED, 2D 291, 122 S.Ct.1237 (2002)

## AMOUNT IN CONTROVERSY

The jurisdictional threshold was covered by the punitive damages amount unspecified pending on the proper and just jurist's evaluation.

Plaintiff's cost of the entire litigation was: At trial, the attorney's fee was $100,000.oo, payment to Eduardo Balarezo,plus $100,000.oo as payment to Marcia Shain's services during the appeal.

As is expressed on the Memorandum of Points and Authorities[p.2] Plaintiff have suffered the unfair injury as a consequence of his reliance on the misrepresentation by Timberwolf Services offered by Timberwolf's team: Dennis Hartley, attorney and general counsel, Ken Payne, administration, James Houk, investigation & reaserch.

The amount in controversy, in light of the obvious deprivation of necessary access to the court could be determined as punitive damages in the amount of $100,000,oo, but in any part of the pleadings

4

Plaintiff is mentioned Jurisdiction under 28U.S.C. §1332. Thus Pro-se complaints are to be construe liberaly, Plaintiff is alleging Fraud that's matter governed by the Federal Constitution and Congress Acts.

> "...the Plaintiff is pleading factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Haines v. Kerner, 404 .U.S. 519,520, 92 S.CT. 594, 30L.ED 2d 652 (1972)

Though the complaint against the Defendants in the Southern District of Ohio only pleads an amount exceeding $14,600, it's easy to see that defense expenses and potential punitive awards to Christian Borda, who at least allegedly, have been a victim of fraud, which adverse effect could easily exceed $ 75,000,oo.

In addition, this litigation's between citizens of diferents states are presented pursuant to 28 U.S.C. § 1391 (b)(2) that creates venue in a judicial district in which subtantial part of the events or omissions giving rise to the claim occurred, in other words, the Plaintiff have stablished venue over Timberwolf's defendants: Dennis Hartley, James Houk, Ken Payne, et al.

Whetherfore, Plaintiff is pleading: 1. The existence of an enterprise which affect commerce; 2. that the defendants participated in the conduct of the enterprise's affairs and 3. that Timberwolf and their officials participate directly and indirectly in at least two or more predicate violations of federal laws.

In the present case, defendants have received sufficient notice of the fraudulent misrepresentation alleged by Plaintiff's complaint. Fed. R. Civ. P. 9(B)(C) (b)(c).

Finally, for purposes of Federal Diversity Jurisdiction, Defendants Hartley and Payne can have a legal domicile separate from

that of Timberwolf Central Nerve Operations.

As the Plaintiff, the master of its claim, without defendant's response, Plaintiff is making its own punitive damages calculation based on the prior cost of his criminal litigation. Punitive and emotional distress damages can be challenging to calculate, courts have typically allowed parties to state that they will see such damages"without proving an exact amount or an intimization of the damages sought." See <u>Marshall v. Rawlings Co.,LLC,</u> No: 3:14-cv-359-TBR-2018 U.S.Dist. Lexis 32493,2018 WL 1096436, at 17(2/28/2018)

Thus, a good faith calculation of the amount of punitive and damages cost is supplemented, Plantiff is willing to provide a corrected damages calculation including emotional turmoil and mental anguist.

## CONCLUSION

For all this reasons, in addition of:A. Punitive and exemplary damages and C. Cost of suit, the total amount in controversy including A. Compensatory damages, is $ 100,000,oo, for exclusive interest and cost, sum that eceeds the amount in controversy requirement pursuant to 28 U.S.C. §1332 (a)

Respectfully submitted                    October 26th., 2018

Christian Borda In Pro-Se
49353-053    Unit A-1
FCI OAKDALE 1
P.O.BOX 5000
Oakdale, LA 71463

6

## CHRISTIAN BORDA'S DECLARATION

I, Christian Borda, Plaintiff in Civil Action 2:18-cv-990, declare and states as follows:

1. That a crucial witness affidavit could be obtained in order to corroborate the unfair misrepresentation by Timberwolf's representatives.

2. That I'm requesting an order to obtain the Rafael Giraldo's affidavit.

3. That he resides in : 1228 M street N.W. Washington, DC 20005.

4. That Rafael Giraldo was the contrated paralegal and the direct contact with Timberwolf's representatives.

5. I states and declare that I'm suffering anxiety, depression, bipolar disorder, and I'm under institutional medication.[Efexor-37.5 mm daily]

6. I declare that Institutional Medical Records(already requested) can demonstrate that I'm suffering insomnia,and bipolar disorder.

7. I state and declare that due to the defendant's actions my daily funtioning experience difficulties that have significantly altered my life style.

I declare under penalty of perjury that the foregoing is true and correct pursuanto to 28U.S.C.§1746.

Sincerely,                                October 26th., 2018

_____
Christian Borda   49353-053
FCI OAKDALE 1
P.O.BOX 5000
Oakdale, LA 71463

## CERTIFICATE OF SERVICE

I certify that that a copy of the foregoing MOTION AND DECLARATION IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION Was placed in the United States mail, with postage affixed, and addressed to:

DENNIS HARTLEY,
JAMES HOUK,
KEN PAYNE,
TIMBERWOLF LITIGATION & RESEARCH SERVICES LLC
112 E High Street
Eaton, Ohio 45320

On October 26th., 2018

Christian Borda
49353-053
FCI OAKDALE 1
P.O.BOX 5000
Oakdale, LA 71463