IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christian Borda,

    Plaintiff,

  v.                         Case No. 2:18-cv-990

Dennis Hartley, et al.,

    Defendants.

## OPINION AND ORDER

This is an action filed by Christian Borda, a pro se litigant currently incarcerated in FCI Oakdale, Oakdale, Louisiana. The defendants are Timberwolf Litigation and Research Services ("Timberwolf"), Dennis Hartley, an attorney and general counsel at Timberwolf, Ken Payne, an employee in Administration at Timberwolf, and James Houk, an investigator at Timberwolf. Plaintiff's complaint alleges that defendants made misrepresentations and engaged in deceptive acts in violation the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code §1345.02.

Plaintiff alleges that he retained the services of Timberwolf to prepare a motion under 28 U.S.C. §2255 on his behalf. Plaintiff further alleges that Timberwolf falsely represented that it had experienced attorneys, but that the defendants failed to file a §2255 motion by the due date, June 26, 2018. In a declaration attached to the complaint, plaintiff states that by December 4, 2017, a family member paid $2,500 as a down payment toward the $7,500 cost for these services, and that an additional $2,000 was paid after plaintiff authorized the release of his legal files to Timberwolf. Plaintiff claims compensatory damages in the amount of $4,600 paid to Timberwolf (the complaint does not indicate when the

additional $100 was paid), and an additional amount of $10,000 for unspecified expenses consisting of the "cost of documentation and expenses." Plaintiff also asserts a claim for punitive damages in an unspecified amount.

On October 15, 2018, the magistrate judge issued a show cause order (Doc. 3) directing plaintiff to show cause within twenty-one days why this action should not be dismissed for lack of subject matter jurisdiction. The magistrate judge concluded that plaintiff's allegations of $14,600 in compensatory damages and his conclusory requests for punitive damages and costs failed to satisfy the amount in controversy requirement of $75,000 necessary for jurisdiction under 28 U.S.C. §1332(a). On November 6, 2018, plaintiff filed a response to the show cause order. Doc. 4. Plaintiff summarily alleges that the combination of his actual damages, punitive damages and attorney fees will exceed the jurisdictional amount.[1]

"To defeat diversity jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" Charvat v. GVN Michigan, Inc., 561 F.3d 623, 628 (6th Cir. 2009)(quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)); see also Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 232 (6th Cir. 1997). "Generally, the amount claimed by the plaintiff in the complaint rules, as long as

---

[1] Plaintiff also indicated a willingness to assert a due process claim under 42 U.S.C. §1983. However, to state a claim under §1983, plaintiff must allege the deprivation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). Plaintiff does not allege that any of the defendants were state actors.

2

claimed in good faith[.]" Charvat, 561 F.3d at 628; Jones v. Knox Exploration Corp., 2 F.3d 181, 182 (6th Cir. 1993). Dismissal is proper if the amount alleged in the complaint was never recoverable in the first instance, such as where applicable law bars the type of damages sought by plaintiff. Id.; see also Kovacs v. Chesley, 406 F.3d 393, 396 (6th Cir. 2005)(noting that most courts have found a legal certainty that more than the jurisdictional amount could not be recovered only where the applicable state law barred the type of damages sought by plaintiff). In determining whether the amount-in-controversy requirement has been met, punitive damages must be considered unless it is apparent to a legal certainty that punitive damages cannot be recovered. Hayes v. Equitable Energy Resources Co., 266 F.3d 560, 572 (6th Cir. 2001). In a diversity case, this court must apply the substantive law of the forum state; in this case, the substantive law of Ohio governs. Lutz v. Chesapeake Appalachia, L.L.C., 717 F.3d 459, 464 (6th Cir. 2013); Armisted v. State Farm Mut. Automobile Ins. Co., 675 F.3d 989, 995 (6th Cir. 2012).

For violations consisting of an act prohibited under §1345.02, a consumer in an individual action may "recover the consumer's actual economic damages plus an amount not exceeding five thousand dollars in noneconomic damages." Ohio Rev. Code §1345.09(A). For violations consisting of an act or practice previously declared to be deceptive or unconscionable by rule or court decision, the consumer may recover "three times the amount of the consumer's actual economic damages ... plus an amount not exceeding five thousand dollars in noneconomic damages." Ohio Rev. Code §1345.09(B). Taking into account the $400 filing fee paid in this

3

action, plaintiff has claimed, at most, $15,000 in compensatory damages and costs.  The complaint does not allege the existence of a prior rule or court decision holding the practices alleged in the instant case to be deceptive or unconscionable.  If it is assumed that §1345.09(B) applies in this case, plaintiff would be entitled to recover three times $15,000, or $45,000, in actual economic damages.

Plaintiff has claimed punitive damages in an unspecified amount.  The court must consider the ability of the plaintiff to recover punitive damages unless it appears to a legal certainty that punitive damages cannot be recovered.  Smith v. Nationwide Property & Cas. Ins. Co., 505 F.3d 401, 408 (6th Cir. 2007).  Under Ohio law, punitive damages are not "actual damages." Whitaker v. M.T. Automotive, Inc., 111 Ohio St.3d 177, 183 (2006).  In Whitaker, the court examined a prior version of §1345.09(A) which permitted a consumer to "rescind the transaction or recover his damages" and concluded from the use of the general word "damages" without any modifier that the statute was broad enough to encompass an award of punitive damages.  However, in response to this decision, the Ohio legislature amended §1345.09(A) and (B) to permit "actual economic damages" together with "an amount not exceeding five thousand dollars in noneconomic damages." See 151 v S 177, effective October 31, 2007.  These changes effectively placed a cap of $5,000 on punitive and other noneconomic damages.[2]

---

[2]Even if plaintiff's complaint is broadly construed as asserting a common law claim for fraud, the complaint contains no allegations sufficient to show that plaintiff would be entitled to punitive damages under Ohio Rev. Code §2315.21. See Hanna v. Drobnick, 514 F.2d 393, 398-99 (6th Cir. 1975)(punitive damages can only be considered in the jurisdictional amount if the complaint

4

Plaintiff also indicates that he intends to claim attorney fees, but plaintiff filed the instant case himself without the assistance of counsel. He did not assert a claim for attorney fees in his complaint. The OCSPA permits an award of attorney fees. See Ohio Rev. Code §1345.09(F). However, the Ohio Supreme Court has consistently held that a pro se litigant is not entitled to an award of attorney fees. See State ex rel. Want v. Conrad, 74 Ohio St.3d 681, 684 (1996); State ex rel. Thomas v. Ohio State Univ., 71 Ohio St.3d 243, 251 (1994). See also Daniel v. Daniels, 162 F. App'x 288, 291 (5th Cir. 2006)(attorney fees do not count toward the jurisdictional amount where plaintiff is proceeding pro se; attorney fees are not available to a pro se litigant); Lamb v. Amalgamated Labor Life Ins. Co.,, 602 F.2d 155, 160 n. 5 (8th Cir. 1979)(complaint failed to state a claim for the requisite amount in controversy where plaintiff, as a pro se litigant, was not entitled to attorney fees). The court has found no Ohio cases holding that §1345.09(F) authorizes an award of attorney fees to a pro se litigant. Plaintiff notes that he paid $100,000 to counsel in his criminal trial and $100,000 to the attorney who represented him in his criminal appeal. Those amounts bear no relationship to plaintiff's claims against the named defendants and are not recoverable in the instant action.

Based on the allegations in the complaint, the most that

---

alleges facts which show willful and malicious behavior, citing federal and Ohio cases); see also Charvat v. Echostar Satellite, LLC, 630 F.3d 459, 462-63 (6th Cir. 2010)(noting, in context of amount-in-controversy inquiry, that "Charvat's pleadings leave it unclear whether he has 'plausibl[y]' made sufficient allegations to satisfy [the Ohio law requirements for punitive damages] with respect to his common law ... claims").

5

plaintiff can recover under the OCSPA is $50,000, which falls short of the $75,000 amount-in-controversy requirement.  Because this court lacks subject matter jurisdiction over plaintiff's complaint, this action is dismissed.

Date: June 7, 2019                 s/James L. Graham
                                   James L. Graham
                                   United States District Judge